1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

RICHARD PEREZ,

Plaintiff,

vs.

OCWEN LOAN SERVICING, LLC, et al.,

Defendants.

CASE NO. 10CV1403 JLS (WVG)

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

(ECF No. 17.)

Presently before the Court is Defendants' motion to dismiss.  (Mot. Dismiss, ECF No. 17).  Also before the Court are Plaintiff's opposition, (Opp'n, ECF No. 21), and Defendants' reply, (Reply, ECF No. 22).  After consideration, the Court **GRANTS** Defendants' motion to dismiss.

## BACKGROUND

This action arises out of a $344,250 loan Plaintiff obtained on August 19, 2005, from New Century Mortgage Corporation.  (Mot. Dismiss 2.)  The loan was secured by a deed of trust on the subject property located at 9316 Woodruff Way, Santee, California 92071.  (*Id.*)  Not long after the loan was consumated, New Century assigned its interest in the deed of trust to Deutsche National Trust Company.  (*Id.*)  And nearly three years later, on November 4, 2008, Plaintiff signed a loan modification agreement with Ocwen Loan Servicing, LLC.  (SAC ¶ 14, ECF No. 16.)

In March 2010 a Notice of Default was recorded, showing the amount of default on the loan to be $18,749.95.  (Mot. Dismiss 2.)  On July 1, 2010, the Notice of Trustee's sale was recorded, and the home was sold on December 16, 2010.  (*Id.*)

10cv01403

///

Plaintiff filed his second amended complaint against Ocwen Loan Servicing, LLC, Ocwen Financial Corporation, Deutsche National Trust Company, and Ronald Farris (Defendants) on February 14, 2011, asserting twelve causes of action: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealings; (3) fraud (misrepresentation); (4) fraud (omission); (5) economic duress; (6) unconscionablility; (7) tortious breach of contract; (8) intentional and negligent misrepresentation; (9) violation of Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. § 1692; (10) violation of Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, and Truth-in-Lending Act (TILA), 15 U.S.C. § 1601; (11) quiet title; and (12) injunctive relief. This complaint is the subject of Defendants' present motion to dismiss.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible if the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the

1  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  That is not to

2  say that the claim must be probable, but there must be "more than a sheer possibility that a

3  defendant has acted unlawfully."  *Id.*  Facts "'merely consistent with' a defendant's liability" fall

4  short of a plausible entitlement to relief.  *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Further, the

5  Court need not accept as true "legal conclusions" contained in the complaint.  *Id.*  This review

6  requires context-specific analysis involving the Court's "judicial experience and common sense."

7  *Id.* at 1950 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer

8  more than the mere possibility of misconduct, the complaint has alleged—but it has not

9  'show[n]'—'that the pleader is entitled to relief.'"  *Id.*

10                                            **ANALYSIS**

11  **1.     Breach of Contract**

12         There are two contracts in this case, the original loan and the loan modification agreement.

13  Plaintiff alleges that these contracts were breached by Ocwen Loan Servicing and Ocwen

14  Financial Corporation's "systematic and universal creation of junk fees such as monthly property

15  inspection, late charges, defensive litigation fees and other similar and related charges that are

16  illegal." (SAC ¶ 105.)  Plaintiff's breach of contract claim fails to satisfy the pleading standard of

17  Rule 8(a).  Plaintiff alleges breach of contract without identifying any contractual provisions.  (*See*

18  SAC ¶¶ 51–60, 102–105.)  And Plaintiff fails to ascribe the alleged breach to any particular

19  defendant, asserting instead that the collective was at fault.  Without these pieces, Plaintiff does

20  not "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

21  **2.     Breach of Implied Covenant of Good Faith and Fair Dealing**

22         Plaintiff claims Defendants breached the implied covenant of good faith and fair dealing

23  inherent in the loan and loan modification agreement.  This claim can arise under contract law or

24  tort law.  *Melegrito v. CitiMortgage Inc.*, 2011 WL 2197534, at *9 (N.D. Cal. June 6, 2011).

25  Because Plaintiff does not state which theory he is relying on, the Court will address both.

26         Under contract law, "[t]he covenant of good faith and fair dealing is implied in every

27  contract and prevents one party from 'unfairly frustrating the other party's right to receive the

28  benefits' of the contract.'"  *Id.* at *10 (citing *Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089 (2000).)  To

allege a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege five elements: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract require him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff.  *Id.* (citing *Oculus Innovative Sciences, Inc. v. Nofil Corp.*, 2007 WL 2600746, at *4 (N.D. Cal. Sept. 10, 2007).)

Plaintiff fails to state facts sufficient to support this claim under contract law.  The only evidentiary support Plaintiff provides is a list of alleged RESPA and TILA violations. (*See* SAC ¶ 17.)  Plaintiff does not allege that he performed under the contract, all conditions required for the Defendants' performance had occurred, or that the Defendant unfairly interfered with Plaintiff's right to receive the benefits of the contract.  (*See* SAC ¶¶ 51, 106–09.)  Accordingly, Plaintiff's claim fails under contract law.

To recover for breach of the implied covenant of good faith and fair dealing under tort law, a plaintiff must demonstrate a special relationship with fiduciary characteristics exists with the defendant.  *Melegrito*, 2011 WL 2197534, at *10.  This type of relationship does not usually exist between lenders and borrowers.  *See id.*  And even though it is possible to plead facts establishing the existence of a special relationship, Plaintiff fails to do so here.  *See id.* at *11 (describing the characteristics of a special relationship).  Thus, Plaintiff's claim fails under tort law as well.

**3.     Fraud Claims**

Plaintiff asserts three causes of action sounding in fraud: (1) fraud by misrepresentation; (2) fraud by omission; and (3) intentional and negligent misrepresentation.  (SAC ¶¶ 110–13, 137–43.)  These claims are governed by the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b).  *See Vess v. Ciba-Geigu Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003) (discussing fraud by misrepresentation claims); *Peel v. BrooksAmerica Mortg. Corp.*, 2011 WL 2174373, at *6 (C.D. Cal. June 1, 2011) (discussing fraud by omission claims); *Malmen v. World Sav. Inc.*, 2011 WL 1464587, at *3 (C.D. Cal. Apr. 18, 2011) (discussing intentional misrepresentation and negligent misrepresentation claims).

1   ///

2        Under Rule 9(b), a party alleging fraud must "state with particularity the circumstances

3   constituting fraud."  Fed. R. Civ. P. 9(b).  These allegations must "be specific enough to give

4   defendants notice of the particular misconduct . . . so that they can defend against the charge and

5   not just deny that they have done anything wrong."  *Vess*, 317 F.3d at 1102–03 (internal citations

6   and quotations omitted).  "Averments of fraud must be accompanied by 'the who, what, when,

7   where, and how' of the misconduct charged."  *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627

8   (9th Cir. 1997)).  "[T]he plaintiff must set forth an explanation as to why the statement or omission

9   complained of was false or misleading."  *In Re Glendef Inc. Sec. Litig.*, 42 F.3d 1541, 1547–48

10  (9th Cir. 1994) *superceded by statute on other grounds as stated in Marksman Partners, L.P. v.*

11  *Chantal Pharm. Corp.*, 927 F. Supp. 1297 (C.D. Cal. 1996).

12       All three claims fail to meet the heightened pleading standard required by Rule 9(b).

13  Plaintiff's fraud by misrepresentation claim alleges that "[t]he record shows that by clear and

14  convincing evidence that there existed in the inducement and execution material representation

15  which were false, known to be false or make [sic] recklessly, which were made with inducement to

16  be acted upon: that the plaintiff acted in reliance thereon and has suffered injury due to such."

17  (SAC ¶ 111.)  But other than pointing blindly to "the record," Plaintiff fails to allege what the

18  misleading statements were and what was false or misleading about them.  (*See* SAC ¶ 110–11.)

19  Allegations regarding the "who," "where," and "when" are also notably absent.

20       Similar inadequacies befall Plaintiff's claim for fraud by omission.  Plaintiff claims "[t]he

21  lender conspired to fraudulently conceal the 'true lender' at closing, and the note may have been

22  securitized and converted in an investment within a specialized purpose vehicle."  (SAC ¶ 113.)

23  Plaintiff further alleges that "[t]he lender and the Defendants had a duty to disclose material facts,

24  failed to disclose those facts; and that failure induced the Plaintiff to act, and has suffered actual

25  damages due to the fraudulent omissions."  *Id*.  Again, Plaintiff fails to state Rule 9(b)'s  required

26  "who," "where," and "when."  Plaintiff fails to allege which Defendants' are responsible for each

27  omission and why the omissions were false or misleading.

28       Plaintiff's intentional and negligent misrepresentation claim also fails to satisfy Rule 9(b).

10cv01403

1   Plaintiff alleges, "[i]n order to induce the Plaintiff into entering the Loan Modification Agreement,

2   Defendants made implied representations that the Plaintiff must waive all of his legal protection

3   and his right to seek legal redress in a legal form in order to enter into the Loan Modification

4   Agreement." (SAC ¶ 139.)  But Plaintiff fails to allege what the representations were, which

5   Defendants were responsible for which misrepresentations, when and where the alleged

6   misrepresentations were made, and why the misrepresentations were false or misleading.

7   **4.      Economic Duress**

8       Plaintiff alleges that Defendants' actions with regards to the loan, loan modification

9   agreement, and attempted foreclosure constitute economic duress.  (SAC ¶ 115.)  Plaintiff alleges

10  Defendants used Plaintiff's economic troubles to coerce him into signing a loan modification

11  agreement that "took his legal rights of redress from him,"  (*Id*. ¶ 118), and violated the law by

12  "adding improper fees and costs to the loan,"  (*Id*. ¶ 120).

13      Economic duress "may come into play upon the doing of a wrongful act which is

14  sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to

15  succumb to the perpetrator's pressure."  *Rich & Whillock, Inc. v. Ashton Dev., Inc.*, 204 Cal. Rptr.

16  86, 89 (Cal. Ct. App. 1984).  "[A] reasonably prudent person subject to such an act may have no

17  reasonable alternative but to succumb when the only other alternative is bankruptcy or financial

18  ruin."  *Id.*

19      Here, Plaintiff alleges no wrongful conduct by Defendants except their offering of the loan

20  modification agreement.  Plaintiff alleges "[i]mproper coercion" without providing any facts.  And

21  Plaintiff fails to allege why the only reasonable response was to sign the loan modification.

22  Without more, these conclusory allegations are insufficient to nudge Plaintiff's claim across the

23  line from conceivable to plausible.  *See Twombly*, 550 U.S. at 569.

24  **5.      Unconscionability**

25      Plaintiff alleges "Defendants were deceptive and used unfair persuasion and pressure in the

26  formation process of the Loan Modification Agreement.  The Loan Modification terms constructed

27  [by] the Defendants are grossly oppressive and procedurally unfair in their opportunistic use of

28  dominance over the Plaintiff." (SAC ¶ 125–26.)  Plaintiff states "[t]hese acts were malicious,

1    fraudulent and oppressive, justifying an award of punitive damages so that Defendants will not

2    engage in such conduct in the future and to make an example of them." (*Id.* ¶ 130.)  Plaintiff's

3    claim fails because unconscionability is an affirmative defense to enforcement of a contract, as

4    opposed to a stand-alone cause of action.  *See Mendoza v. Wilmington Finance*, 2011 WL

5    2182914, at *2 (N.D. Cal. June 6, 2011).

6    **6.      Tortious Breach of Contract**

7            Plaintiff alleges that Deutsche National Trust Company tortiously breached its obligations

8    with regards to the Loan and the Loan Modification Agreement.  (SAC ¶ 133.)  But "[a] claim for

9    tortious breach of contract does not lie under California law in the absence of a special relationship

10   with fiduciary characteristics."  *Elvin v. Am. Home Mortg. Inv. Trust*, 2009 WL 839930, at *27

11   (E.D. Cal. Mar. 30, 2009).  And as noted before, this type of relationship does not usually exist

12   between lenders and borrowers.  *Melegrito,* 2011 WL 2197534, at *10.  To the extent Plaintiff can

13   plead the existence of such a relationship, Plaintiff fails to do so here.

14   **7.      FDCPA**

15           Plaintiff alleges Deutsche National Trust Company violated the FDCPA while attempting

16   to foreclose on Plaintiff's home.  (*See* SAC ¶¶ 144–46.)  But "foreclosing on [a] property" under a

17   deed of trust "is not collection of the debt within the meaning" of FDCPA. *Tina v. Countrywide*

18   *Home Loans, Inc.*, 2008 WL 4790906, at *6 (S.D. Cal. Oct. 30, 2008) (quoting *Hulse v. Ocwen*

19   *Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).); *see also Gamboa v. Trustee Corps.*, 2009

20   WL 656285, at *4 (N.D. Cal. Mar. 12, 2009) ("[T]he law is clear that foreclosing on a property

21   pursuant to a deed of trust is not a debt collection within the meaning of . . . the FDC[P]A.");

22   *accord Putkkuri v. ReconTrust Co.*, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009).  Thus, Plaintiff

23   fails to state a claim under the FDCPA..

24   **8.      TILA & RESPA**

25           Plaintiff alleges Defendants' actions concerning the Loan and Loan Modification

26   Agreement violated both TILA and RESPA.

27   *A.      TILA*

28           Under TILA, a borrower may rescind a loan or recover damages if the lender fails to

- 7 -

10cv01403

disclose certain terms at closing.  15 U.S.C. §§ 1635, 1640.  Although Plaintiff asserts the TILA cause of action in conjunction with both the original loan and the loan modification agreement, Plaintiff alleges that the loan modification agreement was a forbearance agreement.  (SAC ¶ 15.) And because "TILA disclosure requirements do not apply to forbearance agreement that simply reduce the interest rate and payment schedule of a loan," *De Jose v. EMC Mortg. Corp.*, 2011 WL 1539656, at *7 (N.D. Cal. Apr. 18, 2011), the Court discusses Plaintiff's TILA claim only in connection with the original loan.

Actions for rescission and damages are subject to respective three- and one-year limitations periods, which begin when the parties consummate the loan.  *Id.* §§ 1635(a), 1640(e).  The limitations period for rescission claims is absolute; the period for damages claims is not.[1]  Thus, as to claims for damages, equitable tolling may apply to "suspend the limitations period until the borrower discovers or ha[s] reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action."  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

Plaintiff's action for rescission of the loan is time-barred.  In this case, the parties consummated the loan on August 19, 2005.  (SAC  ¶ 7.)  Plaintiff did not file his lawsuit until May 2010, at which time the three- and one-year limitations periods had lapsed.  *Id.*  The damages claim is also time-barred unless equitable tolling applies.

At the pleading stage, a plaintiff seeking the benefit of equitable tolling must allege facts sufficient to demonstrate that he could not have "discovered the alleged violations by exercising reasonable diligence."  *Copeland v. Lehman Bros. Bank, F.S.B.*, 2011 WL 9503, at *6 (S.D. Cal. Jan. 3, 2011); *accord Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).  In this case, Plaintiff insists that the statute of limitations should be tolled without providing the time and manner of discovery of the TILA violations or why Plaintiff could not have discovered the violations at an earlier time.  (SAC ¶¶ 151–53.)  Without more, Plaintiff has not adequately pleaded equitable tolling.  And thus the action for damages is also time barred.

///

---

[1] *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 411–12 (1998); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002); *Taylor v. Money Store*, 42 Fed. App'x 932, 933 (9th Cir. 2002).

*///*

**B.     RESPA**

Plaintiff also alleges that Defendants violated RESPA, 12 U.S.C. § 2605.  This cause of action fails for two reasons.   First, Plaintiff provides a list of fees, costs, expenses, and arrearages related to his loans, and indicates in a vacuum that these fees violate RESPA.  (SAC ¶ 17.)  The Court cannot begin to comprehend how this list violates RESPA; the allegations cannot see over the *Twombly* and *Iqbal* barrier.  Second, in order to state a RESPA claim, a plaintiff must demonstrate that the breach resulted in actual damages.  *Pok v. Am. Home Mortg. Servicing, Inc.*, 2010 WL 476671, at *5 (E.D. Cal. Feb. 3, 2010).  Plaintiff fails to plead any facts to that effect, alleging instead that he is "entitled to damages in an amount to be proven at trial."  (SAC ¶ 153.)

**9.     Quiet Title and Injunctive Relief**

Plaintiff seeks to quiet title to the property, alleging he "is entitled to have his property as referred to herein quieted in his name until and unless some party comes forward in litigation with a right to enforce the loan upon his house free and clear of all encumbrances."  (SAC ¶ 155.)  This claim fails because Plaintiff has not alleged, as he must,  that he tendered the amount of his indebtedness.  Under California law, "a mortgagor cannot quiet title against the mortgagee without paying the debt secured."  *Shimpones v. Stickney,* 28 P.2d 673, 678 (Cal. 1934).  Here, Plaintiff does not allege that he has tendered the balance owed, or that he is able to do so.  Absent this allegation, the Court dismisses this claim.  Plaintiff also requests injunctive relief to prevent foreclosure.  But having dismissed every cause of action, the request has no claim to stand on.

CONCLUSION

The Court **GRANTS** Defendants' request for judicial notice and motion to dismiss.  Plaintiff's second amended complaint is **DISMISSED WITH PREJUDICE**.  The clerk **SHALL** close the case.

**IT IS SO ORDERED.**

DATED:  July 8, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge